# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**4460 NIRVANA PKWY, LLC,**

                      **Plaintiff,**

**-vs-**                                                  **Case No. 6:19-cv-857-Orl-40GJK**

**AIDA DAVID, JOHN DAVID, AND**
**UNKNOWN TENANTS IN POSSESSION,**

                      **Defendants.**
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **May 6, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **REMANDED**. | |

### I.  BACKGROUND.

On April 29, 2019, Plaintiff filed a complaint for tenant eviction against Defendants in the County Court, in and for Osceola County. Doc. No. 1. The Complaint alleges that Plaintiff leased a residential property to Defendants, they failed to pay the full rent when it became due, and $18,900.00 in rent remains due and owing from Defendants. Doc. No. 1. Plaintiff requests a judgment for possession of the premises. *Id.* at 2.  Defendant John David ("David") filed an

answer and claimed habitability issues because of a high water bill.  Doc. No. 1-2.

On May 6, 2019, David filed a notice of removal pursuant to 28 U.S.C. § 1446(d). Doc. No. 1-3. Defendants offer no jurisdictional basis for the removal.  Doc. No. 1-3.  On May 6, 2019, David filed a motion to proceed in forma pauperis (the "Motion") as the removing defendant. Doc. No. 2. The Motion was referred to the undersigned. In the Motion, David states his monthly take-home wages are $5,000.  *Id.* at 1.  David also indicates he has $1,500.00 in cash or in a checking or savings account.  *Id.* at 3.

## II.   THE LAW.

### A.   Jurisdiction and Pleading.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[1]  "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it.  *Id.*

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).  The removing

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

party bears the burden of demonstrating federal jurisdiction exists. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001).

The presence or absence of a federal question is governed under the "well-pleaded complaint" rule, which provides that federal question jurisdiction exists only where a federal question is presented on the face of the state court plaintiff's complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936). Diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### B. Proceeding *In Forma Pauperis*.

When a party files a civil action and moves to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) directs the district court to review and dismiss a complaint when it determines the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. This statutory language is mandatory and applies to all proceedings *in forma pauperis*. *See Boyington v. Geo Grp., Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 (M.D. Fla. 2009) (recognizing that review under 28 U.S.C. § 1915 applies to non-prisoner complaints).

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[2] The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga. 1974). Indigence does not create a constitutional right to the expenditure of public

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

funds and the valuable time of the courts in order to prosecute an action that is totally without merit.  *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.  Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge.  *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07(a).

### III.    ANALYSIS.

In this case, David offers no basis for jurisdiction in his notice of removal.  Doc. No. 1-3. A review of the Complaint reveals no basis for subject matter jurisdiction. Doc. No. 1. The Complaint is a straightforward action to evict Defendants for the failure to pay rent, which arises under sections 51.011 and 83.59, Florida Statutes. *Id.* The eviction process for failure to pay rent is governed by the law of the state of Florida. *See* § 83.59, Fla. Stat. (2016).  Federal question jurisdiction "exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint[,]" "the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action." *Savannah Midtown LLC v. McDonald*, No. 1:13-cv-3530-WSD, 2013 WL 6196559 at *1 (N.D. Ga. Nov. 27, 2013). On the face of the Complaint, no federal question exists, and therefore the Court lacks jurisdiction and

the case must be remanded. *Savannah Midtown LLC*, 2013 WL 6196559 at *1-3. Further, on the face of the Complaint, there is no diversity jurisdiction as the amount at issue, $18,900.00, does not meet the threshold required for diversity jurisdiction and David appears to be a resident of the state of Florida. Doc. No. 1 at 1; 28 U.S.C. §§ 1332(a) and 1441(b)(2); *see E. Lake Partners, LTD v. Aquino*, No. 6:18-cv-1187, 2018 U.S. Dist. LEXIS 136371, at *4-5 (M.D. Fla. July 26, 2018).

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **REMAND** the case; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

**DONE and ORDERED** in Orlando, Florida, on May 9, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties